UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

AIRPORT AUTO BROKERS, LTD.,                                  No. 15-10853

                          Debtor(s).
_____/

LINDA S. GREEN, Trustee,

                          Plaintiff(s),

                  v.                                                                          A.P. No. 15-1103

DENISE LEWIS, et al.,

                          Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

      Plaintiff Linda Green is the Chapter 7 trustee of the bankruptcy estate of Airport Auto Brokers, Ltd. In her complaint, she alleges that all the shares of stock in Airport Auto Brokers were transferred to the Beverly McVey Revocable Trust of 2003 on January 8, 2003. She further alleges that defendant Gregory McVey became trustee of the trust on August 11, 2014; that he became a de facto member of the corporation's board of directors at that time; and that he breached his duties to the

1

corporation by failing to enforce a promissory note in the amount of $466,491.00 made payable to the corporation by Bill McVey.

Gregory McVey has moved for dismissal of the complaint. He mostly relies on his declaration and other matters outside the complaint, which are not properly considered in determining the sufficiency of the complaint. The court accordingly only addresses his specific arguments regarding the complaint itself.

McVey argues that the complaint does not allege that the shares were ever transferred to the trust, but the trust document itself (attached as an exhibit to the complaint) lists the shares as its initial assets and the complaint alleges that the trust has always owned the shares since 2003. McVey uses facts outside the complaint to attack the validity of the 2003 transfer, but those arguments do not go to the sufficiency of the complaint.

McVey argues that the complaint fails to allege that he had any knowledge of the assets of the corporation, again seeking to bring in facts outside the complaint. While innocence may be a viable defense, the possibility does not render the complaint defective where it alleges that McVey breached his fiduciary duties by failing or refusing to demand payment of the note. Since a director may be liable for negligence as well as intentional acts, the failure to allege intent does not render a complaint against a director defective.

McVey argues that the complaint fails to allege "operative facts sufficient to obtain the relief sought." The court finds that the allegations in Paragraphs 19, 20, 24, 25 and 26 are sufficient "operative facts."

McVey argues that the complaint is "misguided, misplaced, and misstates the most basic facts readily and easily ascertainable . . . ." Since such a finding would require the court to look outside the four corners of the complaint, they are not a proper basis for dismissal.

For the foregoing reasons, the motion to dismiss will be denied. Counsel for Green shall submit an appropriate form of order.

Dated: February 5, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge